**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**BENJAMIN HENDRICKS,**

**Plaintiff,**

**v.**

**Civil Action 2:14-cv-1355**
**Judge George C. Smith**
**Magistrate Judge Elizabeth P. Deavers**

**DR. WELCH, *et al*.,**

**Defendants.**

**REPORT AND RECOMMENDATION**

Plaintiff brings this action against Ohio Department of Rehabilitation and Corrections ("ODRC") employees, Defendants Dr. Welch, Ms. Whaley, and twenty-five John/Jane Does, under 42 U.S.C. § 1983, alleging that they failed to provide him with adequate medical treatment in violation of the Eighth Amendment. This matter is currently before the Undersigned for a Report and Recommendation on Defendants Dr. Welch's and Ms. Whaley's (collectively "Defendants") Motion for Judgment on the Pleadings. (ECF No. 17.) To date, Plaintiff has not filed a response in opposition to Defendants' Motion. For the reasons that follow, the Undersigned **RECOMMENDS** that Defendants' Motion for Judgment on the Pleadings be **GRANTED** and that this case be **DISMISSED**.

**I.**

At the time Plaintiff filed his Complaint, he was incarcerated at the Frazier Health Center ("FHC"), which is part of the Pickaway Correctional Institution ("PCI"). In his Complaint, Plaintiff alleges that he was denied adequate medical care by Defendants Dr. Welch, Ms.

Whaley, and twenty-five John/Jane Doe Defendants.

According to Plaintiff, he has a positive diagnosis of "severe anti-social personality disorder" from the United States Navy. (Pl.'s Compl. ¶ 13, ECF No. 5.) He asserts that this diagnosis led to his discharge from the Navy. He also asserts that he has received diagnoses such as either "borderline personality disorder," "PTSD," or "undiagnosed bi-polar disorder" at the Cuyahoga County Corrections Center, Wayne County Jail, and Cuyahoga County Job & Family Services. *Id.*

Plaintiff asserts that when he was initially incarcerated in September 2008, he was added to the ODRC mental health caseload for his conditions. In December 2008, Plaintiff was transferred to the Belmont Correctional Institution, where he received counseling from doctors in the mental health department. In November 2009, due to his physical health conditions, Plaintiff was transferred to FHC, where he continued to receive mental health treatment from Ms. Okerokee. Plaintiff alleges that Ms. Okerokee was transferred, and his case was "reassigned to another lady who was rude, hostile, and just plainly seemed like she did not want to be there so Plaintiff requested to be removed from the caseload at that time until he needed/requested help again or his case was reassigned." *Id.* at ¶ 18.

Plaintiff asserts that in early 2013, after he received numerous conduct reports and had been placed in segregation, he decided he should resume counseling. Plaintiff alleges that he sent a request to the mental health department for help, but did not receive a response. Plaintiff alleges that after he did not receive a response for over a year, he discussed his request with members of the nursing staff. Plaintiff submits that he also sent two complaints to the Deputy Warden of Special Services, who informed him that his concerns had been relayed to the mental

health department. Subsequently, he filed a formal complaint with Ms. Mary Lawrence. According to Plaintiff, Ms. Lawrence informed him that she spoke with Dr. Welch, who stated that he had been evaluated in March 2014 and did not qualify for mental health services.

Plaintiff alleges that he requested to review his medical file after receiving Ms. Lawrence's response because he had not been evaluated in March 2014. In May 2014, Plaintiff met with Defendant Whaley to discuss his medical records. Defendant Whaley confirmed that Plaintiff had not been evaluated in March 2014. Plaintiff alleges that Defendant Whaley also informed him that no "magic pill" exists for severe anti-social personality disorder and that he did not "qualify" for mental health services. *Id.* at ¶ 26-27. After Plaintiff pressed Defendant Whaley regarding why he did not qualify for mental health services, she informed him that Defendant Dr. Welch would assess him to further evaluate his mental health. Plaintiff alleges that, to date, Defendant Dr. Welch has not assessed his condition, nor has he received any other mental health treatment. Plaintiff alleges that Defendants' lack of treatment of his mental health disorder, has "caused problems and may cause further issues such as conflicts with correctional staff and/or parole officers upon his release to PRC because of no community linkage and/or resources." *Id.* at ¶ 30. Finally, Plaintiff alleges that Defendant Whaley entered false information into his medical file.

Plaintiff commenced the instant action on August 22, 2014. (ECF No. 1.) On December 17, 2014, the Court received notice that Plaintiff was released from PCI on November 24, 2014. Accordingly, the Court ordered Plaintiff to update his address, and Plaintiff complied. (ECF Nos. 15 and 16.) Subsequently, on December 22, 2014, Defendants filed the instant Motion for Judgment on the Pleadings. Plaintiff requested an extension of time until March 17, 2015 to

respond, which the Court granted. To date, Plaintiff has not filed a response to Defendants' Motion for Judgment on the Pleadings.

**II.**

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court evaluates a motion filed under Rule 12(c) using the same standard as a Rule 12(b)(6) motion to dismiss. *Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**III.**

In their Motion for Judgment on the Pleadings, Defendants contend that this action should be dismissed for three reasons. First, Defendants contend that Plaintiff lacks standing to bring his claims because he does not identify any injury stemming from Defendants' actions or inactions. Second, Defendants contend that Plaintiff's individual capacity claims against Defendants fail because Plaintiff's allegations are insufficient to show that Defendants were deliberately indifferent to his serious medical needs. Finally, Defendants contend that Plaintiff's official capacity claims must fail because the Eleventh Amendment prohibits monetary damages against state officers in their official capacities and his release from prison precludes any injunctive relief. Plaintiff has not opposed Defendants' Motion for Judgment on the Pleadings. For the reasons that follow, the Undersigned concludes that Plaintiff has failed to state a claim upon which relief may be granted against Defendants and therefore **RECOMMENDS** that

Defendants' Motion for Judgment on the Pleadings be **GRANTED**.[1]

**A. Individual Capacity Claims**

Defendants contend that Plaintiff has failed to state a claim against them in their individual capacities. In relevant part, Section 1983 provides as follows: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." 42 U.S.C. § 1983. In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)).

It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon County*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations and citations omitted). A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir.2004).] The subjective component regards prison officials' state of mind. *Id.* Deliberate

[1]Because the Undersigned finds that Plaintiff has failed to state a claim against Defendants in their individual and official capacities, it is unnecessary to consider Defendants' contention that Plaintiff lacks standing.

> indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011). Where the risk of serious harm is obvious, "it can be inferred that the defendants had knowledge of the risk." *Hendricks v. DesMarais*, 13-cv-4106, at 8 (6th Cir. Mar. 15, 2015).

The Sixth Circuit has also noted that in the context of deliberate indifference claims:

> [W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner alleges only that the medical care he received was inadequate, federal courts are generally reluctant to second guess medical judgments. However, it is possible for medical treatment to be so woefully inadequate as to amount to no treatment at all.

*Alspaugh*, 643 F.3d at 169 (internal quotations and citations omitted). Along similar lines, "[o]rdinary medical malpractice does not satisfy the subjective component." *Grose v. Corr. Med. Servs, Inc.*, 400 F. App'x 986, 988 (6th Cir. 2010). Rather, the Sixth Circuit recently found the subjective component to be satisfied where defendants recklessly disregard a substantial risk to a plaintiff's health. *See Hendricks*, 13-cv-4106, at 8. Furthermore, "a difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim." *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002).

Plaintiff must satisfy both the objective and subjective components to adequately state a claim for deliberate indifference.

**1. Objective Component**

As explained above, the objective component mandates that a plaintiff demonstrate a "sufficiently serious" medical need, "which is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (internal citations omitted). "If the plaintiff's claim, however, is based on the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious, the plaintiff must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Id.* (internal citations omitted).

Here, Plaintiff has met the objective component of a deliberate indifference claim. Viewing the facts in a light most favorable to Plaintiff, the Court concludes that he has been diagnosed with "severe anti-social personality disorder" and either "borderline personality disorder," "PTSD," or "undiagnosed bi-polar disorder" by medical professionals. (Pl.'s Compl. ¶ 13, ECF No. 3.) Further, when he first was incarcerated, he was on the ODRC mental health treatment caseload. Accordingly, Plaintiff's medical needs are likely "sufficiently serious" and therefore satisfy the objective component of his deliberate indifference claims. Nevertheless, Plaintiff's claims against Defendants in their individual capacities fail because Plaintiff's allegations do not satisfy the subjective component of a deliberate indifference claim.

**2. Subjective Component**

Plaintiff has failed to allege facts sufficient to establish the subjective component of a deliberate indifference claim against both Defendant Whaley and Defendant Dr. Welch.

**a. Defendant Whaley**

In order to demonstrate a deliberate indifference claim, Plaintiff must allege that each Defendant subjectively perceived a risk of harm and disregarded that known risk. In his Complaint, Plaintiff alleges that Defendant Whaley told him that he did not qualify for mental health services and that no "magic pill" exists to correct his anti-social personality disorder. Plaintiff further alleges that after he told Defendant Whaley that he wanted counseling, she informed him that Defendant Dr. Welch would assess his mental health at a later date.

In reviewing Plaintiff's allegations, the Court cannot conclude that Plaintiff has sufficiently alleged that Defendant Whaley was aware that Plaintiff would be subject to a substantial risk of serious harm if he did not receive mental health treatment. Given that Plaintiff voluntarily quit counseling in 2010 and went approximately three years without seeking mental health treatment, Defendant Whaley could not have been aware of a substantial risk of serious harm from a delay in providing mental health services. Further, Plaintiff does not assert that he exhibited any symptoms that would make Defendant Whaley aware that a delay in mental health treatment could pose a substantial risk of harm. Moreover, to the extent Defendant Whaley failed to follow up with Plaintiff or Dr. Welch regarding an evaluation of Plaintiff, her actions do not rise to the level of a constitutional violation. *See Santiago*, 734 F.3d at 591 (quoting *Comstock*, 273 F.3d at 702)) ("'[W]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.'"). Accordingly, Plaintiff's Complaint provides insufficient factual content from which the Court could reasonably infer that Defendant Whaley was "aware of facts

from which the inference could be drawn that a substantial risk of serious harm exists" or that she actually drew that inference and ignored the risk. *See Blackmore*, 390 F.3d at 896 (finding that a defendant must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and . . . ignore[] that risk," to have a sufficiently culpable state of mind for a deliberate indifference claim). Plaintiff therefore fails to state a claim against Defendant Whaley for deliberate indifference.

Finally, Plaintiff alleges that Defendant Whaley placed false information in his medical file. He does not, however, elaborate on this allegation or provide any supporting facts from which the Undersigned can conclude that he has stated a valid claim regarding the alleged incident. Thus, the Undersigned **RECOMMENDS** that any claims against Defendant Whaley in her individual capacity be **DISMISSED**.

**b. Defendant Dr. Welch**

The Undersigned agrees with Defendants' assertion that "Plaintiff's allegations against Defendant Dr. Welch are even more tenuous than his allegations against Defendant Whaley." (Def.'s Mot. for Judgment on the Pleadings 10, ECF No. 17.) In his Complaint, Plaintiff alleges that Defendant Dr. Welch mistakenly informed Ms. Lawrence that Plaintiff had been evaluated in March of 2014 and did not qualify for mental health services. He also alleges that Defendant Dr. Welch was supposed to assess his mental health sometime after May 2014, but never did. These allegations are insufficient to state a claim for deliberate indifference against Defendant Dr. Welch.

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated

the Constitution." *Iqbal*, 556 U.S. at 676. Here, Plaintiff's Complaint provides insufficient factual content or context from which the Court could reasonably infer that Defendant Dr. Welch was personally involved in any violation of Plaintiff's constitutional rights. Plaintiff does not allege that Defendant Dr. Welch ever treated him, denied a request to treat him, or that she was aware that she was supposed to evaluate his mental health. More importantly, he does not allege that she was aware of his serious medical condition or that she disregarded a known risk of substantial harm to him. Because Plaintiff has not alleged personal involvement on the part of Dr. Welch, his claims against her in her individual capacity fail.

Additionally, Plaintiff cannot establish individual liability against Dr. Welch based on her role as the Psychology Supervisor at PCI because vicarious liability is inapplicable to Section 1983 actions. *See, e.g.*, *Dixon v. Mohr*, No. 1:12-cv-294, 2012 WL 1854295, at *4 (S.D. Ohio May 21, 2013) (dismissing § 1983 claim premised upon alleged medical indifference against the ODRC's director where the claim was based on the plaintiff's theory that the director was liable because he was the boss).

Finally, to the extent that Defendant Dr. Welch incorrectly informed Ms. Lawrence that Plaintiff's mental health was evaluated in March 2014, her actions do not amount to a constitutional violation. *See Santiago*, 734 F.3d at 591 (finding that mere negligence does not amount to a constitutional violation). Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against Defendant Dr. Welch in her individual capacity.

**B. Official Capacity Claims**

The Undersigned finds Defendants' contention that Plaintiff cannot sue Defendants in their official capacities to be well-taken.

First, Plaintiff cannot pursue a claim for monetary damages against Defendants in their official capacities. "'[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office,' which is 'no different from a suit against the State.'" *McCoy v. Michigan*, 369 F. App'x 646, 654 (6th Cir. 2010) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71(1989)). The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty*., 211 F.3d 331, 334 (6th Cir. 2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, No. 10-2185, 2013 WL 3455488, at *3 (6th Cir. July 10, 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Thus, dismissal of Plaintiff's official capacity claims for money damages against Defendants Ms.Whaley and Dr. Welch is appropriate. *See Wingo v. Tenn. Dept. of Corrs.*, 499 F. App'x 453, 454 (6th Cir. 2012) (affirming trial court's dismissal of inmate's claims against state agency under § 1915(e), explaining that the department and the prison were entitled to Eleventh Amendment immunity); *Harrison v. Michigan*, 2013 WL 3455488 at *3 (same).

Second, Plaintiff's claims against Defendants in their official capacities for injunctive relief must also be dismissed. Plaintiff was incarcerated at PCI when he commenced this action. Plaintiff, however, was released from prison on November 24, 2014. (ECF No. 13.) Plaintiff's release renders his claims for injunctive relief moot.

Article III of the United States Constitution limits a federal court's exercise of judicial power to actual, ongoing "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. Article III's case-or-controversy requirement subsists throughout all stages of the litigation. *United States v. Juvenile Male*, 131 S.Ct. 2860, 2864 (2011) (internal quotation marks and citation omitted) ("It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed."). The doctrine of mootness is a corollary of Article III's case-or-controversy requirement. "The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction." 15 James Wm. Moore *et al.*, Moore's Federal Practice § 101.9, at 101–238 (3d ed. 2011).

When an inmate files suit against prison officials at the institution of his incarceration based upon those officials' wrongful conduct seeking declaratory and injunctive relief, and that inmate is subsequently transferred or released, courts routinely dismiss the declaratory and injunctive relief claims as moot. *Sossamon v. Texas*, 131 S.Ct. 1651, 1669–70 (2011) (citations omitted) ("A number of . . . suits seeking injunctive relief have been dismissed as moot because the plaintiff was transferred from the institution where the alleged violation took place prior to adjudication on the merits."); *see, e.g.*, *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (concluding that inmate's claims for declaratory and injunctive relief were rendered moot upon inmate's transfer from the prison about which he complained); *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995) (inmate's request for injunctive relief mooted upon transfer from relevant prison); *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993) (same).

This is because an inmate's transfer or release ends the alleged violations of his or her constitutional rights, which "render[s] the court unable to grant the requested relief." *Berger*, 983 F.2d at 724; *Fredette v. Hemingway*, 65 F. A'ppx 929, 931 (6th Cir. 2003) (concluding that an inmate's request for injunctive relief to prevent his transfer to another prison became moot upon the inmate's subsequent transfer because "the district court was unable to grant the relief requested").

"There is . . . an exception to the mootness doctrine for claims that are capable of repetition, yet evade review." *Fredette*, 65 F. A'ppx at 931 (citation omitted). This narrow, capable-of-repetition exception is limited to situations in which "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration" *and* "there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id*. (internal quotation marks and citations omitted).

Applying the foregoing principles to the instant case, the Undersigned concludes that Plaintiff's injunctive relief claims are moot. Given that Plaintiff has been released, an entry of equitable relief would accomplish nothing. This Court does not have jurisdiction to accord Plaintiff with prospective relief that has no effect or impact on Defendants. In addition, because Plaintiff has no reasonable expectation that he will again be incarcerated at FHC or PCI, the capable-of-repetition exception to the mootness doctrine does not apply. Accordingly, it is **RECOMMENDED** that the Court dismiss Plaintiff's claims for injunctive relief as moot.

**C. Jane/John Doe Defendants**

Finally, the Undersigned **RECOMMENDS** that the Court ***SUA SPONTE*** **DISMISS** Plaintiff's claims against the twenty-five Jane/ John Does. 28 U.S.C. § 1915(e) requires *sua*

*sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

In his Complaint, Plaintiff does not provide any facts from which the Court could conclude that the Jane/John Doe Defendants had personal involvement in the alleged unconstitutional conduct. Accordingly, it is **RECOMMENDED** that Plaintiff's claims against the twenty-five Jane/John Doe Defendants in their individual capacity be **DISMISSED**. *See Iqbal*, 556 U.S. at 676 (holding that a plaintiff must allege that each individual defendant, through his or her own individual actions, violated the Constitution to state a claim under Section 1983). Additionally, as explained above, Plaintiff cannot bring claims for monetary damages against the Jane/John Doe Defendants in their official capacity, and any claims for injunctive relief are moot. Accordingly, Plaintiff has failed to state a claim against the twenty-five Jane/John Doe Defendants.

**IV.**

For the above-stated reasons, it is **RECOMMENDED** that Defendants' Motion for Judgment on the Pleadings be **GRANTED** and that Plaintiff's Complaint be **DIMISSED WITH PREJUDICE**.

**V.**

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: June 5, 2015

/s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge